UNITED STATES DISTRICT COURT
NORTHERN DISTRICT of CALIFORNIA

FILED

Feb 11 2022

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

Kevin Prasad
Plaintiff

v

County of San Mateo,
Carlos G. Bolanos,
Mark C. Robbins,
John W. Munsey,
Alma Zamora,
Kristina Bell,
John Kovach,
Richard Cheechov,
 in their individual and official capacities
Does 1,
 in their individual and official capacities

Complaint for Declaratory and Injunctive Relief Under the Civil Rights Act, 42 U.S.C. § 1983 and Damages

Jury Trial Requested

Civil Action No. 22-cv-00975-JST

## I. Jurisdiction & Venue

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The Northern District of California is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because it is where the events giving rise to this claim occurred.

## II. Plaintiff

3. Plaintiff, Kevin Prasad, is and was at all times mentioned herein an inmate of the State of California in the custody of San Mateo County Jail. He is currently confined in Maple Street Correctional Center, in Redwood City California

## III. Defendants

4. Defendant, County of San Mateo, is organized and existing under the laws of the State of California. Defendant, County of San Mateo, is and was at all times mentioned herein, responsible for the actions and/or inactions and the policies, procedures, customs, and practices of the San Mateo County Sheriff's Office ("the Sheriff's Office" or "the Office"), and their respective employees and agents. The office operates Maguire Correctional Facility (MCF), the Maple Street Correctional Center (MSCC) (collectively, the "Jails"), and is and was responsible for adopting and implementing policies for inmates at San Mateo County Jails.

5. Defendant, Carlos G Bolanos, is the Sheriff of San Mateo County. He is legally responsible for the overall operation of the Office and each institution under its jurisdiction, including Maple Street Correctional Center.

6. Defendant, Mark C Robbins, is the Under Sheriff of San Mateo County. He is legally responsible for the overall operation of the Office and each institution under its jurisdiction, including Maple Street Correctional Center.

7. Defendant, John W. Munsey, is the Assistant Sheriff of San Mateo County. He is legally responsible for the overall operation of the Office and each institution under its jurisdiction, including Maple Street Correctional Center.

8. Defendant, Alma Zamora, is the Facility Commander of MCF. She is legally responsible for the operation of MCF and for the welfare of all the inmates in that facility who at all times mentioned in this complaint, held the rank of Captain.

9. Defendant, Kristina Bell, is the Facility Commander of MSCC. She is legally responsible for the operation of MSCC and for the welfare of all inmates in that facility who at all times mentioned in this complaint, held the rank of Captain.

10. Defendant, John Kovach, is the Administrative Lieutenant of the Office who at all times mentioned in this complaint, held the rank of Lieutenant and was assigned to MSCC.

11. Defendant, Richard Cheechov, is the Administrative Lieutenant of the Office who at all times mentioned in this complaint, held the rank of Lieutenant and was assigned to MSCC.

12. The true name and identity of Defendant, Does 1, is presently unknown to Plaintiff. Does 1 is or was employed by and are or were agents of Defendant County of San Mateo and the Office when some or all of the challenged food policies and practices were adopted and/or implemented. Does 1 is or was personally involved in the adoption and/or implementation of the Office food policies and/or training, retention, supervision, discipline, counseling, and/or control of the Office jail food staff, and/or is the Director of Food and Nutrition Services for the Office. She is sued in her individual and official capacities. Plaintiff will seek to amend this complaint as soon as the true identity and name of Defendant, Does 1, has been ascertained.

13. Each Defendant is sued individually and in his or her official capacity. At all times mentioned in this complaint each Defendant acted under color of State law.

## IV. Facts

14. Plaintiff was confined in MCF on 26 April 2018. The following day, the housing unit deputy gave plaintiff breakfast. Plaintiff inquired if the housing unit deputy if he knew the ingredients to the food that was given to Plaintiff, as Plaintiff does not eat any Beef, nor Pork products due to his religious beliefs. The housing unit deputy informed Plaintiff that he must fill out a Service League request and turn it in. In the mean time, Plaintiff only consumed the

lunch provided to him so long as the lunch was Peanut Butter and Jelly sack lunch.

15. A few days later, Mike Murray, of the Service League of San Mateo, came to talk to Plaintiff. Plaintiff explained to Mr. Murray about his religious beliefs and how he does not eat Beef, nor Pork products. Plaintiff further explained to Mr. Murray the details and explain that like Christianity and Catholicism, Hinduism has many sects, and the sect that he belongs to does not allow him to eat Beef, nor Pork products. Mr. Murray explained to Plaintiff that he would be placed on the Lacto-Ovo diet. Mr. Murray further explained to Plaintiff that the Lacto-Ovo diet replaced the meat in the food with a vegetarian patty, an hard boiled egg, an egg patty, and the lunches will either remain Peanut Butter and Jelly sack lunch, hummus sack lunch, cheese sack lunch, or Bean sack lunch. Sack lunches contain four slices of bread, a small packet of Kool-aid, a fruit, sometimes a small sack of Almonds, a cookie or crackers, and the item in the sack lunch (i.e. Peanut Butter and Jelly, hummus, cheese, or Kidney beans). Plaintiff agreed and Mr. Murray filed the necessary paperwork with the Office so that Plaintiff could start receiving the Lacto-Ovo diet immediately. Plaintiff also explained that if the food he was allowed to eat was prepared with the meat he could not eat, then he could not eat that food either. For example, if Chicken Strips were fried using Beef lard, even though Plaintiff could eat the Chicken Strips, he would have to refuse because that food had mingled with something he could not eat. Also, if the Chicken Strips were cut using a knife that was just used to cut pork, he would have to refuse the Chicken Strips because the knife mingled with Pork. Mr. Murray understood and explained to Plaintiff that his food would be prepared in a separate diet room separate from where all the other food is prepared.

16. Plaintiff noticed his digestive tract reacting negatively to some of the food given to him from his new Lacto-Ovo diet he was receiving. It was not everyday that his digestive tract reacted negatively. Plaintiff could not locate the source of his digestive issues. Although, he did notice that it was on some Tuesday

4

Wednesdays, Thursdays, and Sundays.

17. On or around June 2018, the Office moved Plaintiff from MCF to MSCC. He remains confined there to this day.

18. Exhibit A explains the two week food rotation, Defendants provide inmates. On the days lunch was "Mystery Meat," because of Plaintiff's diet (Lacto-Ovo), Plaintiff received either a: hummus sack lunch, cheese sack lunch, or a Peanut Butter and Jelly sack lunch. On the days dinner where "Chicken," "Meatballs," "Hot Dogs," or "Turkey" was served, due to the Lacto-Ovo diet, Plaintiff received a vegetarian patty of some kind, as a replacement of those meats. The rest of the dinner was the same. On the days breakfast where "Sausage links," or "Sausage Patty," was served, Plaintiff received a hard boiled egg as replacement.

19. In Mid-May of 2020, Plaintiff was housed with a former inmate kitchen worker. He told Plaintiff that he believed that the white Gravy on the breakfast and dinners had beef fat in them. Plaintiff did not believe him an to verify, he sent a medical request form to the dietician (Exhibit B) to ask if they could provide him with an ingredients list of the white gravy. The dietician responded back and gave him the ingredients list (Exhibit C). While Plaintiff was correct that there was not any beef fat in the gravy, upon careful examination the "Mix Gravy Pan Roast Instant" states that it is "made with real buttermilk, butter, and PORK SAUSAGE FLAVORS,..." (emphasis added) and then on the other side of the paper it lists the ingredients list which has "Natural Flavors." (emphasis added) In exhibit A everytime it says "Gravy" the "Mix Gravy Pan Roast Instant," was used and served to Plaintiff and he consumed without knowing.

20. Plaintiff does not eat pork as consuming pork is in violation of his religious beliefs. In response, Plaintiff sent another medical request form (Exhibit D) to the dietician asking for more information on all of the other foods he is served by the Defendants. The dietician would refuse to give Plaintiff any more information.

21. Plaintiff then filed grievances to inform the Defendants of their error. Defendant, John Kovach, explained to Plaintiff that he must file the Office's Religious Diet Request form. Defendant, John Kovach, further explained that the Defendants would not

5

give preferential treatment to any inmate. Plaintiff filed the Religious Diet Request form with the office specifying that he cannot eat the gravy also. The Dietician again refused to comply with that request. See Exhibit E.

22. On or around January 2021, Defendants chose to change the food Menus to a four week rotation after inmate kitchen workers contracted the coronavirus. While some food items remained in the new menu, other food items were added (Exhibit F). The "Mix Gravy Pan Roast Instant," remains on some of the food items. As before, due to Plaintiff's Lacto-Ovo diet, "Mystery Meat," "Chicken," "Hot dogs," "Meatballs," and "Sausage Patty," are replaced with "Kidney Bean Sack Lunch," "vegetarian patty," (for the "Chicken," "Hotdogs," and "Meatballs,") and "egg patty," respectively. Everything else on the menu remains the same.

23. Due to the fact that Defendants refuse to solve this issue, Plaintiff must forego eating the food provided by Defendants. Since Mid-May 2020, Plaintiff has had to forego consuming any food tray containing "Mix Gravy Pan Roast Instant," and before that, he was eating the food trays without verifying what ingredients are used. Just as in Exhibit A, in Exhibit F, when "Gravy" was served it was "Mix Gravy Pan Roast Instant."

24. Defendants use a two level grievance system. Plaintiff filed another grievance on 11 October 2021 and a subsequent second level grievance. The first set of grievances were filed on 15 July 2020 and 3 August 2020 (Exhibit G and H respectively), and the grievances filed 11 October 2021 (Exhibit I and J). In the response to the grievance filed 11 October 2021, Defendant, Does 1, alleges that the information that Plaintiff received is incorrect. In Plaintiff's response, he again requests for Nutrition and ingredients list. Defendant, Richard Cheechov, responded that Defendant, Does 1, further alleges that there is no meat products in my Plaintiff's diet (Exhibit K).

25. Plaintiff filed a "Claim Against The County of San Mateo," form to Defendant, County of San Mateo, on 17 October 2021. Plaintiff explained to Defendant, County of San Mateo, about the food issue and how it is still occurring. Defendant, County of San Mateo, responded back (Exhibit L) stating that the Plaintiff waited too long to file a claim against a government entity. However, Defendant, County of San Mateo did state that under certain circumstances, the time requirement may be waived.

26. Upon Information and belief, when Tiffany Li, an affluent resident of San Mateo County, was incarcerated, she was given preferential food outside of the Menu listed in Exhibit A. Preferential treatment was given to an affluent resident of San Mateo County by the Defendants. Plaintiff is not requesting preferential treatment of any kind like that from the Defendants. He is only requesting that "Mix Gravy Pan Roast Instant" be withheld from all his foods.

27. Upon Information and belief, Plaintiff knows that there are state and federal standards set out where any company wishing to sell food in the United States has to have a Nutrition and Ingredients Label. Exhibit M and N show examples of this standard. In exhibit M the court can clearly see in "Soup Base Ingredients," "Beef fat," within the list. In exhibit N, also in the "Soup Base Ingredients," the court can see "Natural Lobster and Shrimp flavors." In exhibit M, the food item contains Beef fat, which leads Plaintiff to believe that exhibit M contains Beef fat. In exhibit N, the food item contains Natural Lobster and Shrimp flavors, which leads Plaintiff to believe that exhibit N contains Natural Lobster and Shrimp. In exhibit G, the food item has Pork Sausage flavors because it says so on the ingredients list in accordance with all State and Federal laws.

28. Upon Information and belief, if Plaintiff were not incarcerated and patroned a restaurant and asked for a nutrition and ingredients list, state and federal law state that the restaurant provide Plaintiff with the information requested.

29. When Plaintiff found out that food with "Mix Gravy Pan Roast Instant," had Pork, he had to stop eating food containing "Mix Gravy Pan Roast Instant," depriving himself of the necessary caloric intake and depriving himself of a basic human need. By not consuming food containing "Mix Gravy Pan Roast Instant," Plaintiff's digestive system returned to normal with no more discomfort. In exhibits O, P, Q, and R, each and every red mark is when Defendants provided Plaintiff food containing "Mix Gravy Pan Roast Instant."

30. In exhibit S, Defendant, County of San Mateo, rejected all of the claim. Part of the claim was denied due to the fact that the claim was not filed within a timely fashion. As to the other parts that was filed in a timely fashion, Defendant, County of San Mateo, rejected the claim.

31. Upon information and belief, Defendants switched Plaintiff's diet to "No Dairy" diet. On the days in which Defendants serve plaintiff "Hot dogs," Plaintiff must refuse the dinner tray because Defendants serve the Plaintiff with some kind of sausage or hot dog with unknown ingredients. On days in which Defendants serve "Meatballs," Plaintiff must refuse some of the dinner trays because sometimes Defendants serve Plaintiff with a chickpea patty or sausage patty. When plaintiff receives sausage patty, he must refuse the tray, while he accepts the chickpea patty tray. Plaintiff has sent a request to Defendants requesting to be put back onto the Lacto-Ovo diet.

32. On 30 November 2021, Defendant, County of San Mateo, fully rejected Plaintiff Claim (see exhibit T).

33. Upon information and belief, Defendant, Does 1, has changed plaintiff's diet from "Lacto-Ovo" to "Non-Dairy." Plaintiff's request to be put back onto the "Lacto-Ovo" Diet was accepted after the error was caught. Plaintiff is currently receiving the "Lacto-Ovo" diet with the "Mix Gravy Pan Roast Instant."

## V Statement of Claim

### First Claim for Relief

(Against All Defendants - For Violation of the First Amendment Under Color of State Law - Free Exercise of Religion; Section 1983)

34. Plaintiff realleges and incorporates by reference the preceding paragraphs.

35. The acts described above constitute violations of Plaintiff's rights under the First Amendment to the United States Constitution through 42 U.S.C. § 1983, and has caused and will continue to cause damages to the Plaintiff. The Defendants have

8

violated and continue to violate Plaintiff's religious beliefs. Defendants continue to disrespect Plaintiff's religious beliefs by continuing to serve him "MIX Gravy Pan Roast Instant."

36. Plaintiff seeks declaratory and injunctive relief, as well as nominal and compensatory damages, against all Defendants.

37. Plaintiff is informed, believes, and based thereon alleges that in engaging in the conduct alleged herein, individual Defendants acted with the intent to injure, vex, annoy and harass Plaintiff, and subjected Plaintiff to cruel and injust hardship in conscious disregard of Plaintiff's rights with the intention of causing Plaintiff injury and depriving it of its constitutional rights.

38. As a result of the forgoing, Plaintiff seeks exemplary and punitive damages against the individual Defendants.

## Second Claim for Relief

(Against All Defendants - For Violations of the Eighth Amendment Under Color of State Law - Cruel and Unusual Punishment; Section 1983)

39. Plaintiff realleges and incorporates by reference the preceding paragraphs.

40. The acts described above constitute violations of Plaintiff's rights under the Eighth Amendment to the United States Constitution through 42 U.S.C. § 1983 and has caused and will continue to cause damages to Plaintiff. Defendants acted with deliberate

9

indifference by serving and continuing to serve Plaintiff "Mix Gravy Pan Roast Instant." Plaintiff must continue to refuse food trays served by Defendants, depriving Plaintiff of a basic human need.

41. Plaintiff seeks declaratory and injunctive relief, as well as nominal and compensatory damages, against all Defendants.

42. Plaintiff is informed, believes, and based thereon alleges that in engaging in the conduct alleged herein, individual Defendants acted with the intent to injure, vex, annoy and harass Plaintiff, and subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights with the intention of causing Plaintiff injury depriving it of its constitutional rights.

43. As a result of the forgoing, Plaintiff seeks exemplary and punitive damages against the individual Defendants.

### Third Claim for Relief

(Against All Defendants - For violations of the Fourteenth Amendment Under Color of State Law - Due Process; Section 1983)

44. Plaintiff realleges and incorporates by reference the preceding paragraphs.

45. The acts described above constitute violations of Plaintiff's rights under the Fourteenth Amendment to the United States Constitution via 42 U.S.C. § 1983.

46. Plaintiff seeks declaratory and injunctive relief, as well as nominal and compensatory damages, against all Defendants.

47. Plaintiff is informed, believes, and based thereon alleges that in engaging in the conduct alleged herein, individual Defendants acted with the intent to injure, vex, annoy and harass Plaintiff and subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights with the intention of causing Plaintiff injury depriving it of its constitutional rights.

48. As a result of the forgoing, Plaintiff seeks exemplary and punitive damages against the individual Defendants.

## Fourth Claim For Relief

(Against All Defendants - For Violations of the Fourteenth Amendment Under Color of State Law - Equal Protection; Section 1983)

49. Plaintiff realleges and incorporates by reference the preceding paragraphs.

50. The acts described above constitute violations of Plaintiff's rights under the Fourteenth Amendment to the United States Constitution through 42 U.S.C. §1983 and has caused and will continue to cause damages to Plaintiff. With Defendants deliberately withholding Nutrition facts and Ingredients Labels to all of the food served to Plaintiff, Plaintiff cannot verify that all food served to him is in accordance with his religious beliefs, and Defendants violated all state and federal Nutrition and Ingredients label Laws.

11

51. Plaintiff seeks declaratory and injunctive relief, as well as nominal and compensatory damages, against all Defendants.

52. Plaintiff is informed, believes, and based thereon alleges that in engaging in the conduct alleged herein, individual Defendants acted with the intent to injure, vex, annoy, and harass Plaintiff and subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights with the intention of causing Plaintiff injury depriving it of its constitutional rights.

53. As a result of the forgoing, Plaintiff seeks exemplary and punitive damages against the individual Defendants

## VI. Exhaustion of Legal Remedies

54. Plaintiff, Kevin Prasad, used the prisoner grievance procedure available at MSCC to try and solve the problem. On 11 October, 2021, Plaintiff, Kevin Prasad, presented the facts relating to this complaint. On or about 21 October 2021, Plaintiff, Kevin Prasad, was sent a response saying that the grievance had been denied. On or about 26 October, 2021, he appealed the denial of the grievance. On 23 November, 2021, Defendant, Richard Cheechov, denied Plaintiff appeal.

## VII. Prayer for Relief

WHEREFORE, Plaintiff respectfully prays that this court enter judgment granting Plaintiff:

55. A declaration that the acts and omissions described herein violated Plaintiff's rights under the Constitution and laws of the United States.

56. A preliminary and permanent injunction ordering Defendants to refrain from serving Plaintiff food.

12

containing "Mix Gravy Pan Roast Instant," and give Plaintiff a copy of all Nutrition Facts and Ingredients labels for all foods served to Plaintiff.

57. Compensatory damages in the amount of $1,650,000 against each Defendant jointly and severally.

58. Punitive damages in the amount of $1,650,000 against each Defendant.

59. A jury trial on all issues triable by jury.

60. Plaintiff's costs in this suit.

61. Any additional relief this court deems just, proper and equitable.

Dated: 7 Feb 2022

Respectfully Submitted,

Kevin Prasad #1222492
1300 Maple St
Redwood City, CA 94063

Verification

I have read the foregoing Complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Redwood City, California on

*Kev B Prd*
Kevin Prasad #1222492

13